**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) TERRELL GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:17-cv-00156-CVE-FHM |
| v. | ) |
| | ) Tulsa County Dist. Ct. |
| (1) JAMES RIVER INSURANCE COMPANY, | ) Case No. CJ-2017-00300 |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to and in accordance with 28 U.S.C. § 1441(a), 28 U.S.C. § 1446, 28 U.S.C. § 1332(a), Federal Rule of Civil Procedure 81, and LCvR 81.1-81.2, Defendant James River Insurance Company ("James River Insurance Company"), by and through its attorneys of record, gives notice of removal from the District Court of Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma. In support of this Notice of Removal, James River Insurance Company states as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

1. On January 25, 2017, Plaintiff Terrell Green ("Plaintiff Green") initiated this action by filing his Petition in the District Court of Tulsa County, State of Oklahoma, captioned, *Terrell Green v. James River Insurance Company*, Case No. CJ-2017-00300 (the "Petition"), alleging causes of action against James River Insurance Company. *See* Pet., *Terrell Green v. James River Ins. Co.*, Case No. CJ-17-00300, Tulsa Cnty., State of Okla., Jan. 25, 2017, attached hereto as Ex. 1 ("Pet., Ex. 1").

2. In his initial Petition, Plaintiff Green alleged that James River Insurance Company breached a policy of insurance under which Plaintiff Green was allegedly afforded uninsured

motorist benefits and that James River Insurance Company allegedly breached its duty of good faith and fair dealing in the handling of Plaintiff Green's uninsured motorist claim. *See* Pet., Ex. 1 at ¶¶ 4-23

3.  Plaintiff Green initially purported to serve James River Insurance Company through the Oklahoma Secretary of State on February 3, 2017. *See* Return of Service and Attached Summons, *Terrell Green v. James River Ins. Co.*, Case No. CJ-17-00300, Tulsa Cnty., State of Okla., Feb. 10, 2017, attached hereto as Ex. 2 ("Return of Service, Ex. 2"); Correspondence from Beth Walker to Jason L. Glass, Mar. 14, 2017, attached hereto as Ex. 3 ("Walker Correspondence, Ex. 3").

4.  However, several days after filing the Return of Service, the initial Summons, Petition, and corresponding materials were allegedly returned to Plaintiff Green's counsel by the Oklahoma Secretary of State. *See* Walker Correspondence, Ex. 3.

5.  Service through the Oklahoma Secretary of State for foreign insurers is improper under Oklahoma law. *See* 36 O.S. § 621, 36 O.S. § 1103, 12 O.S. § 2005(C)(4)(g), and 18 O.S. § 1002(C).

6.  Regardless, the Oklahoma Secretary of State did not provide James River Insurance Company with the Summons or initial Petition that was purportedly served on the Oklahoma Secretary of State on February 3, 2017. *See* Correspondence from Jason L. Glass to Brian R. Berry, Mar. 13, 2017, attached hereto as Ex. 4 ("Glass Correspondence, Ex. 4").

7.  On February 16, 2017, Plaintiff Green filed his First Amended Petition, naming James River Group, Inc. ("James River Group") as a party to the Tulsa County action. *See* Am. Pet., *Terrell Green v. James River Ins. Co..*, Case No. CJ-17-00300, Tulsa Cnty., State of Okla., Feb. 16, 2017, attached hereto as Ex. 5 ("Am. Pet., Ex. 5"); Walker Correspondence, Ex. 3.

8. The causes of action and allegations in the First Amended Petition remained the same as they did in Plaintiff Green's initial Petition. *See* Am. Pet., Ex. 5.

9. Plaintiff Green attempted to serve James River Group by certified mail on March 9, 2017. *See* Walker Correspondence, Ex. 3; Glass Correspondence, Ex. 4.

10. James River Group is not an appropriately named party to this action. *See* Walker Correspondence, Ex. 3; Glass Correspondence Ex. 4.

11. Further, it was only after Plaintiff Green filed his First Amended Petition and after James River Group received a copy of the Petition and First Amended Petition on March 9, 2017 that James River Insurance Company learned of the action filed against it. *See* Glass Correspondence, Ex. 4.

12. Upon learning of this action, counsel for James River Insurance Company and counsel for Plaintiff Green conferred to address the issues regarding lack of proper service or notice on James River Insurance Company and the addition of James River Group as a party. *See* Walker Correspondence, Ex. 3; Glass Correspondence Ex. 4.

13. Counsel for James River Insurance Company and counsel for Plaintiff Green came to a resolution of these issues whereby counsel for James River Insurance Company agreed to accept service on behalf of James River Insurance Company on March 13, 2017 and the parties agreed to stipulate that James River Insurance Company was first properly served in this action on March 13, 2017. Counsel for Plaintiff Green also agreed to dismiss James River Group as a party to the action. *See* Walker Correspondence, Ex. 3; Glass Correspondence Ex. 4.

14. On March 17, 2017, James River Group was dismissed from the action, leaving James River Insurance Company as the sole defendant. *See* Dismissal As To James River Group, Inc. Only, *Terrell Green v. James River Ins. Co.*, Case No. CJ-17-00300, Tulsa Cnty.,

State of Okla., Mar. 17, 2017, attached hereto as Ex. 6 ("Dismissal of James River Group, Ex. 6").

15. As will be fully explained below, this action is properly removed to this Court because James River Insurance Company has met all the requirements for removal and this Court has jurisdiction.

## II. AMOUNT IN CONTROVERSY AND DIVERSITY OF CITIZENSHIP

16. James River Insurance Company seeks to remove this case to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1)-(2).

17. Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court can exercise jurisdiction over civil actions where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

18. Here, the amount in controversy is satisfied as Plaintiff Green's Petition and Amended Petition pray for judgment against James River Insurance Company for actual and punitive damages in excess of $75,000.00. *See* Pet., Ex. 1 at ¶¶ 1-2, p. 3; Am. Pet., Ex. 5 at ¶¶ 1-2, p. 3.

19. In addition, diversity of citizenship exists between Plaintiff Green and James River Insurance Company.

20. Plaintiff Green is a resident of Tulsa County, Oklahoma. *See* Pet., Ex. 1 at ¶ 2, p. 1; Am. Pet., Ex. 5 at ¶ 2, p. 1.

21. James River Insurance Company is a foreign insurance carrier that is incorporated and has its principal place of business in a state other than Oklahoma. *See* Pet., Ex. 1 at ¶ 3, p. 1; Am. Pet., Ex. 5 at ¶ 3, p. 1.

### III. THE NOTICE OF REMOVAL IS TIMELY FILED

22. 28 U.S.C. § 1446(b)(1) provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

23. As stated above, the purported means of service of the initial Petition on James River Insurance Company through the Oklahoma Secretary of State was improper because, under Oklahoma law, service on a foreign insurance carrier such as James River Insurance Company cannot be made through Oklahoma's Secretary of State. *See* 36 O.S. § 621, 36 O.S. § 1103, 12 O.S. § 2005(C)(4)(g), and 18 O.S. § 1002(C).

24. Further, James River Insurance Company was never provided notice of Plaintiff Green's attempt to serve James River Insurance Company through the Oklahoma Secretary of State as the Oklahoma Secretary of State returned the attempted service materials to Plaintiff Green's counsel. *See* Walker Correspondence, Ex. 3.

25. Counsel for James River Insurance Company and counsel for Plaintiff Green conferred as to the lack of proper service of or notice to James River Insurance Company. Counsel for James River Insurance Company agreed to accept service on behalf of James River Insurance Company on March 13, 2017, and the parties agreed to stipulate that James River Insurance Company was first properly served in this action on March 13, 2017. *See* Walker Correspondence, Ex. 3; Glass Correspondence Ex. 4.

26. Accordingly, this Notice of Removal was timely filed within thirty (30) days of the effective date of service of March 13, 2017, as well as within thirty (30) days of James River Insurance Company's first notice of this lawsuit on March 9, 2017.

### IV. VENUE

27. This action was also properly removed to the Northern District of Oklahoma in accordance with 28 U.S.C. § 1446(a).

28. Pursuant to 28 U.S.C. § 1446(a), an action must be removed to the federal district in which the state court action was pending. Here, the state court action was pending in the District Court in and for Tulsa County, State of Oklahoma, which is located in the Northern District of Oklahoma.

### V. COMPLIANCE WITH LCvR 81.2 AND 28 U.S.C. § 1446(d)

29. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of all Summonses, the Petition, Amended Petition, all other pleadings and orders served on the Defendant James River Insurance Company in this action and the Tulsa County docket sheet are attached hereto as Exhibits 1, 2, 5, 6, and 7.

### VI. CONSENT TO REMOVAL

30. 28 U.S.C. § 1441(b)(2)(A) requires that "all defendants who have properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1441(b)(2)(A).

31. By fi ling this Notice of Removal, James River Insurance Company clearly consents to removal of this action.

32. As referenced herein, James River Group, Inc. was previously dismissed from the state court action. *See* Dismissal of James River Group, Ex. 6.

WHEREFORE, Defendant James River Insurance Company requests this Notice of Removal be accepted by this Court, and that this lawsuit proceed as an action properly removed to this Court's jurisdiction.

DATED this 24th day of March, 2017.

Respectfully submitted,

*s/ Jason L. Glass*
Jason L. Glass, OBA #17635
Emily C. Krukowski, OBA #32038
BAUM GLASS & JAYNE
Mid-Continent Tower
401 S. Boston Ave., Suite 2300
Tulsa, Oklahoma 74103
Telephone: 918/938.7944
Facsimile: 918/938.7966

ATTORNEYS FOR DEFENDANT
JAMES RIVER INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March, 2017, I electronically transmitted this *Notice of Removal* to the Clerk of the Court using the ECF System for filing.

Additionally, I hereby certify that on the 24th day of March, 2017, I also served this *Notice of Removal* by U.S. Postal Service on the following, who are not registered participants in the ECF System:

Brian R. Berry, Esq.
BERRY & OTTERSON
2230 East 49th Street, Suite A
Tulsa, Oklahoma 74105

ATTORNEY FOR PLAINTIFF
TERRELL GREEN

Further, pursuant to 28 U.S.C. § 1446(d), true and correct copy of the *Notice of Removal* was delivered to:

Don Newberry
Tulsa County Court Clerk
Courthouse
500 S. Denver Ave., Rm. 200
Tulsa, Oklahoma 74103-3899

s/ *Jason L. Glass*
Jason L. Glass